UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DAVID M. MORRIS, *Individually and On Behalf Of All Others Similarly Situated*,

Plaintiff,

v.

THE CHARLES SCHWAB CORPORATIONS and CHARLES SCHWAB & CO., INC.

Defendants.

Case No. 2:24-CV-00985-SPC-NPM

## OPPOSITION TO MOTION TO INTERVENE AND TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff, David M. Morris ("Plaintiff"), individually and on behalf of all others similarly situated, hereby responds in opposition to the Motion to Intervene and to Transfer this Action to the Central District of California ("Motion to Transfer") filed by Proposed Intervenors Mary Loughran, Rosemary Orlando, Edward Carr, Donald Saunders, Michael Davis, and Terrance "TJ" McDonald ("Proposed Intervenors").

### FACTUAL BACKGROUND

This is one of at least 36 related class action lawsuits pending in eight jurisdictions against one or more common defendant financial services companies

alleging that the Defendants[1] breached their contractual and fiduciary duties to their customers by sweeping uninvested cash in their customers' brokerage accounts to deposit accounts held at affiliated banks that paid unreasonably low, below-market rates of interest. *See In re Cash Sweep Programs Contract Litig.*, MDL No. 03136 (J.P.M.L.), at ECF No. 3-1 (corrected schedule of actions), ECF Nos. 12, 59, 63, 96 (notices of related action).

On October 24, 2024, Plaintiff filed his class action complaint against Defendants, alleging, CS&Co "sweeps" uninvested cash balances in its customers' accounts and deposits that cash into accounts located at its Affiliated Bank. ECF No. 1, Compl. ¶ 2. On October 30, 2024, plaintiffs in two similar cash sweep cases filed a motion to consolidate the above-captioned action with other cases pending nationwide for pre-trial proceedings pursuant to 28 U.S.C. § 1407 (the "MDL Motion") before the United States Judicial Panel on Multidistrict Litigation ("JPML"). *See In Re Cash Sweep Programs Contract Litig.*, MDL No. 3136, ECF No. 3. The MDL Motion persuasively argues that all related actions should be transferred to the Southern District of New York for consolidated or coordinated pretrial proceedings because, *inter alia*: (1) they share the same common core of factual and legal issues involving defendants' use of cash sweep programs to

---

[1] "Defendants" refers to the Charles Schwab Corporations and Charles Schwab & Co., Inc. or "CS&Co."

generate massive revenue by paying customers unreasonably low interest rates; (2) they involve many of the same pretrial issues, such as the nature and scope of discovery, the sufficiency of the allegations, and class determinations; and (3) to require judges from multiple districts to resolve these issues in separate pretrial proceedings would drain valuable judicial resources and leave the parties at the risk of conflicting and inconsistent rulings. *Id.*; *see also id.* at ECF No. 93 (reply to response to motion to transfer). All briefing related to the MDL Motion is complete. *Id.* at ECF No. 94.

On November 19, 2024, Defendants filed their unopposed motion to extend the deadline to respond to Plaintiff's complaint, requesting that the Court enter an order extending the deadline until thirty days after a ruling on the MDL Motion or upon or upon a decision if the Proposed Intervenors file a motion to intervene and transfer. *See* ECF No. 10. Before Plaintiff filed his own motion to stay, this Court entered a stay pending a decision by the JPML or a decision on a motion by the Proposed Intervenors in *Loughran v. The Charles Schwab Corp.*, No. 2:24-cv-07344-MRA-E (C.D. Cal.) (the "*Loughran* Litigation").[2] Subsequently, Proposed Intervenors filed their Motion to Transfer this case to the Central District of

---

[2] This litigation has been consolidated and is currently titled *In re Charles Schwab Cash Sweep Litigation*, No. 2:24-cv-07344-MRA-E (C.D. Cal.).

California with the *Loughran* Litigation pursuant to 28 U.S.C. § 1404 or, in the alternative, the first-to-file rule.[3] ECF No. 13.

The Motion to Transfer should be denied because it is premature and imprudent. Briefing in the MDL Motion is complete, and the JMPL is expected to rule quickly. As such, continuing the stay pending the JPML's decision will not unduly delay this case. And, when considering that the JPML may consolidate and transfer this action to the Southern District of New York or another district in a matter of weeks, it is a waste of the parties' and judicial resources to transfer this case at this time.

Moreover, a stay under these circumstances does not promote the interest of justice. Defendants in the Loughran Litigation moved to stay the case pending a ruling on the MDL Motion. It thus follows that the Court may be transferring this case to another case that will be stayed. Further, a brief stay of this case would not harm Proposed Intervenors; if the MDL Motion is denied, the stay in this action can be lifted, and the Court may

---

[3] In a declaration filed by Salvatore J. Graziano in support of the Motion to Transfer, Mr. Graziano states that his "colleague Michael D. Blatchley … met and conferred with Adam Schwartzbaum of Edelsberg" and that "[d]uring that conversation, Mr. Schwartzabum conveyed that he had intended to agree to transfer of this instant action to the Central District of California prior to the filing" of the MDL Motion. *See* ECF NO. 14, ¶ 5. The fact that this statement is hearsay may explain why Mr. Graziano fails to accurately capture the content of that conversation. Mr. Schwartzbaum never "conveyed" to Mr. Graziano's colleague that he had "intended" to agree to a transfer of this action prior to the MDL Motion. *Id.* Rather, Mr. Schwartzbaum stated had had considered transfer, but that consideration was affected by the MDL Motion. This game of telephone should not impact the Court's decision.

4

still consider the Motion to Transfer Simply put, all of the relevant factors support continuing a stay under these circumstances.

## ARGUMENT

**I.      The Motion to Transfer is Premature and Imprudent**.

"The most basic aspect of the first-to-file rule is that it is discretionary[.]" *Young v. W. Publ'g Corp.,* No. 09-22426-CIV, 2010 WL 11597583, at *2 (S.D. Fla. Jan. 6, 2010) (citing *Alltrade, Inc. v. Uniweld Prods. Inc.,* 946 F.2d 622, 628 (9th Cir.1991)). The Eleventh Circuit has stated that "[t]he first-filed rule is a rule of equity." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 80 (11th Cir. 2013). Application of the rule "is not meant to be rigid, mechanical, or inflexible"; rather, it "is to be applied in a manner that best serves the interests of justice." *Carl v. Republic Sec. Bank*, No. 01-8981, 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002).

Even where the first-filed rule applies, courts may depart from the rule "when there is a showing the balance of convenience tips in favor of the second forum or there are special circumstances which justify giving priority to the second action." *Id*. The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). The burden is on the moving party

5

to establish that a transfer will allow a case to proceed more conveniently and better serve the interest of justice. *See Am. Home Assur. Co. v. Glovegold, Ltd.,* 153 F.R.D. 695, 698 (M.D. Fla. 1994). In general, the party moving for transfer has a "heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum." *Mason v. Smithkline Beecham Clinical Labs.,* 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

The Motion to Transfer serves neither core purpose of the first-to-file rule nor Section 1404(a). To the contrary, the core purposes underlying Section 1404(a) and the first-to-file rule would best be accomplished by this Court retaining jurisdiction and awaiting the outcome of the MDL Motion. This is because all briefing related to the MDL Motion is complete. It is well known that "the JPML is typically prompt is determining whether a transfer is appropriate." *Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (citing David F. Herr, Multidistrict Litigation Manual § 4:27 (2012 ed.)). As such, continuing to stay this case will be brief and will not impact Defendants' or Proposed Intervenors' ability to litigate the case in future. *See Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) (finding there was no prejudice to non-moving party where the JPML was due to resolve the motion in just over a month); *see also Fowler v. Hamilton Med. Ctr., Inc.*, No. 4:08-CV-0055-HLM, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) (where JPML ruling was likely "within the

next two or three months," the nonmoving parties "will suffer little, if any, prejudice from such a short stay").

Proposed Intervenors expend considerable effort arguing why the MDL Motion is meritless, but fail to cite case law from courts in this circuit finding that to be a compelling consideration when deciding a stay pending an MDL Motion. Meanwhile, the risk that this case may be transferred by the JPML to some other district than the Central District of California is real and immediate. Indeed, because the well-founded MDL Motion requests transfer to and centralization in the Southern District of New York, Plaintiff (who lives in Port Charlotte, Florida) faces the real risk of getting transferred to the Central District of California, only to get sent to another district shortly after. The JPML could also decide to centralize in one of the many other jurisdictions in which a related action has been filed, resulting in a transfer to an unknown third jurisdiction. Meanwhile, this Court and others would continue litigating this case, expending valuable and unnecessary judicial resources at the risk of the action hopping around from district to district. *See Stansfield v. Minute Maid Co.,* No. 4:14CV290-MW/CAS, 2014 WL 11512549, at *1 (N.D. Fla. Nov. 20, 2014) (granting motion to stay pending JPML transfer decision in part where the party risks "unnecessary, duplicative expenditures").

The purpose of MDLs is to consolidate and coordinate pretrial proceedings, and avoid duplicative pretrial litigation, to the benefit of all parties, which is needed

for these matters. *See generally In re Zantac (Ranitidine) Prods. Liab. Litig.*, 339 F.R.D. 669, 685 (S.D. Fla. 2021) (noting that "the purpose of an MDL [is] to centralize proceedings and eliminate duplicative and inconsistent rulings"). Thus, staying this case pending a ruling on the MDL Motion "will eliminate any possibility of inconsistent rulings and duplicative litigation, thereby lessening any prejudice to the parties." *Ali v. 7-Eleven, Inc.*, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022); *see also Indep. Serv. Provider, LLC v. Cain*, No. 6:21-CV-562-WWB-DCI, 2021 WL 2828264, at *1 (M.D. Fla. June 2, 2021) (stay pending JPML decision merited to avoid "the possibility of inconsistent or contradictory rulings by different courts"). Moreover, requiring Plaintiff to expend considerable resources responding to motions that, in just a few weeks (or a month), may become moot, would be inefficient and create undue hardship. *See id.*; *see also Alvarez v. Gerber Prods. Co.*, No. 5:12-CV-00906-LHK, 2012 WL 4051130, at *2 (N.D. Cal. Sept. 12, 2012) (denying defendant's transfer motion under first-to-file rule and Section 1404(a) while Section 1407 motion pended before the JPML); *Gray v. Gerber Products Co.*, No. 5:12-CV-01964-LHK, 2012 WL 4051186, at *2 (N.D. Cal. Sept. 12, 2012) (same).

*Alvarez* and *Gray* are particularly instructive. In both cases, the Northern District of California considered whether to grant defendant's transfer motion under the first-to-file rule and Section 1404(a) while a Section 1407 motion was pending

before the JPML. *Alvarez*, 2012 WL 4051130, at *2; *Gray*, 2012 WL 4051186, at *2. The court considered the same arguments set forth here by Proposed Intervenors, including that a transfer should be considered before centralization, a determination under 1404(a) will assist the MDL Panel, and it was unlikely the MDL grant consolidation and transfer based on other similar cases. *Alvarez*, 2012 WL 4051130, at *2; *Gray*, 2012 WL 4051186, at *2.

The court there denied the motion to transfer and entered a stay, reasoning that, like here, (1) the MDL panel *could* consolidate and transfer this action to another district for pre-trial proceedings, (2) an order was expected to be delivered soon (there, it was approximately one week later), (3) the court's denial on the transfer issue would not provide enough sufficient aid to the MDL to justify the expenditure of judicial resources, (4) if the MDL motion was denied, the court could easily lift the stay and consider the motion to transfer, and (5) given all the above, it would be prudent to wait on a ruling rather than to conclude that the request to consolidate is doomed in light of other similar decisions. *Alvarez*, 2012 WL 4051130, at *2; *Gray*, 2012 WL 4051186, at *2. For these exact same reasons, the court should deny the Motion to Transfer and enter a stay, especially where briefing on the MDL Motion is complete and an order is expected soon. *See Hess v. Volkswagen Grp. of Am., Inc.*, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016) ("a majority of courts have concluded that it is often appropriate to stay preliminary

9

pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.") (citation omitted); *see also Pulley v. JPMorgan Chase Bank, N.A.*, No. 12-60936-CIV, 2012 WL 2838677, at *1 (S.D. Fla. July 10, 2012) (Cohn, J.) (noting that "a stay pending an MDL transfer motion ... can increase efficiency and consistency") (internal quotations omitted).

Defendants also argue that the Court should grant transfer because it could assist the JPML in deciding whether to and where to centralize the litigation. ECF No. 13, at 19-21. As the JPML explains, however, "where there are numerous actions on a motion or numerous anticipated tag-along actions, coordination or consolidation through Section 1404 may become a less reasonable prospect." *In re: Gerber Probiotic Products Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1381 (U.S. Jud. Pan. Mult. Lit. 2012) (citing *In re Oxycontin Antitrust Litig.,* 314 F.Supp.2d 1388 (J.P.M.L.2004)). Here, there are at least 36 related class action lawsuits, many of which were recently filed, pending in eight jurisdictions against several financial services companies. Moreover, based on discussions with other plaintiffs' counsel, undersigned counsel understands that, between now and the time a decision is expected to be rendered on the MDL Motion, there are likely to be more cases filed against Defendants, other named defendant financial services companies, and new financial services companies across the country. While this flood of

litigation is ongoing, it is illogical for courts to decide where cases should be transferred until the JPML rules on the MDL Motion.

## II. Defendants and Proposed Intervenors Will not be Harmed From Continuing the Stay.

Continuing the stay will not prejudice Defendants who argued *they* would be prejudiced absent a stay in this case. ECF No. 10 at 4-5. Indeed, this case is at its infancy stage, which "minimizes any potential prejudice to [Defendants] from a stay." *Ephraim v. Abbott Labs., Inc.*, 601 F.Supp.3d 1274, 1276 (S.D. Fla. 2022) (citing *Ali*, 2022 WL 713665, at *2); *see also Indep. Serv. Provider, LLC*, 2021 WL 2828264, at *1 (where case was in the early stages and discovery had not commenced, stay was "not likely to unduly prejudice or tactically disadvantage" non-moving party).

Moreover, on December 6, 2024, Defendants in the *Loughran* Litigation moved to stay the case pending a ruling on the JPML decision based on the same reasons as Plaintiff asserts here (*i.e.*, conserve judicial resources, no prejudice to Proposed Intervenors, etc.). *See Loughran* Litigation, ECF No. 46. It thus follows the Court may be transferring this case to a case that will be (likewise) stayed. As such, this case may not progress even if it gets transferred. Under that scenario, a transfer would not do anything to promote the interests of justice or serve the convenience of the parties, including Proposed Intervenors. Further, if the MDL Motion is denied, the stay in this action can be lifted, and the Court may still consider

the Motion to Transfer. *See Alvarez*, 2012 WL 4051130, at *2; *see also Kehr v. Yamaha Motor Corp.*, U.S.A., 596 F. Supp. 2d 821, 825-26 (S.D.N.Y. 2008) ("There is simply no sense in entangling yet another district court in litigation that may soon be transferred to a yet-to-be-determined MDL venue.").

## CONCLUSION

Courts routinely exercise its inherent authority to stay proceedings pending transfer to an MDL. *See, e.g.*, *Tonge v. Novartis Pharm. Corp.*, 2021 WL 3130185, at *2 (M.D. Fla. July 23, 2021) (noting courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."); *Stanton v. Wells Fargo & Co.*, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017) ("Courts routinely stay an action pending a transfer decision by a MDL panel"). For the reasons set forth above, Plaintiff respectfully requests the Court deny the Motion to Transfer and continue the stay pending a decision on the MDL Motion.

Dated: December 9, 2024

**EDELSBERG LAW, P.A.**

*/s/ Adam A. Schwartzbaum, Esq.*
Scott A. Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
Adam A. Schwartzbaum, Esq.
Florida Bar No. 93014
adam@edelsberglaw.com
20900 NE 30th Ave Suit 417
Aventura, FL 33180
Tel: 305-975-3320

12

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Proposed Class*

### CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Adam Schwartzbaum*
　　　*Attorney for Plaintiff*